JAMES F. BOURRET, APPELLEE, V. DAVID H. LAWMASTER, APPELLANT.

FILED OCTOBER 30, 1931. No. 27907.

*Fern S. Baker, Allen G. Fisher* and *Charles A. Fisher*, for appellant.

*Schnurr & Mumby, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and BLACKLEDGE, District Judge.

PER CURIAM.

This action was begun in the county court of Sioux county to recover $175, with interest thereon at 7 per cent. per annum from October 20, 1928, until paid. The plaintiff, James F. Bourret, alleges that on the above date he sold a two-room dwelling-house to David H. Lawmaster, the defendant, pursuant to the terms of an oral agreement between the parties, and that the defendant then paid $175 of the purchase price of $350, and that the remainder was to be paid by the defendant on or before October 1, 1929. The dwelling-house was removed from its former location to the defendant's premises, but the plaintiff alleges that the defendant refused to pay the remainder of the purchase price now due. From a judgment in favor of the plaintiff, the defendant appealed to the district court where, upon trial to a jury, a verdict was returned for plaintiff in the sum of $175, with interest thereon at 7

per cent. from October 20, 1928. The defendant has appealed.

The defendant contends that the trial court was without jurisdiction of the subject-matter herein, and that the court erred in overruling the demurrer of the plaintiff. We do not agree with counsel. In 25 R. C. L. 538, sec. 128, it is said: "It is * * * the general rule that a contract by the owner of land for the sale of fixtures and improvements thereon including buildings, the same to be removed by the buyer, is not a contract for the sale of an interest in the land." And it appears to us that, in the present case, where such contract involves no title to land, the case is clearly within the jurisdiction of the county court. The general rule appears to be that where, as in the present case, a dwelling-house is sold with the understanding that such house is to be removed from the plaintiff's land, the dwelling-house then and thereby becomes personal property. *Moody v. Aiken*, 50 Tex. 65; *Long v. White*, 42 Ohio St. 59; *In re Bloor's Estate*, 115 Wash. 507.

Other assignments of alleged error have been cited which we do not deem it necessary to discuss, other than to observe that the parties hereto kept themselves clearly within the controversy in suit. The jury were well within the rights conferred upon that. body by law in rendering the verdict herein. The judgment is

AFFIRMED.